UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRUCE ROBERT NELSON,

Petitioner,

v.

SHERYL RAMSTAD HVASS,
Commissioner of Corrections,

Respondent.

Civil No. 00-2595 (RHK/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On June 24, 1996, Petitioner was convicted of a state drug law offense and sentenced to 140 months in state prison. (Petition, [Docket No. 1], p. (2).) Petitioner did not file a direct appeal with the Minnesota Court of Appeals; nor did he pursue any other court action challenging his conviction, until he filed a post-conviction motion in the trial court more than two years after he was sentenced. State v. Nelson, C5-98-2278

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

DEC 07 2000

(Minn.App. 1999), 1999 WL 735869 (unpublished opinion) at *2.

In his post-conviction motion, Petitioner claimed that his conviction should be vacated because he had received ineffective legal assistance from his trial counsel. After conducting an evidentiary hearing, the trial court denied Petitioner's post-conviction motion and upheld his conviction and sentence. ("Petitioner's Memorandum In Support of Petition For Relief Filed Pursuant to 28 U.S.C. § 2254," [Docket No. 2], Appendix, [hereafter "Pet.App."], pp. A1-A5.) Petitioner appealed the denial of his post-conviction motion, but the Minnesota Court of Appeals affirmed the trial court's ruling. State v. Nelson, supra. On December 14, 1999, the Minnesota Supreme Court denied Petitioner's request for further review.

On November 28, 2000, Petitioner filed his present application seeking federal habeas corpus relief. He is again claiming, as he did in his state post-conviction motion, that he received ineffective assistance from his trial counsel. Petitioner's ineffective assistance claim should not be addressed on the merits, however, because the instant petition was not filed within the one-year time limit prescribed by 28 U.S.C. § 2244(d).

**II. DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the instant case, Petitioner's judgment of conviction was entered on June 24, 1996. (Petition, p. (2), § 2.) Because he did not take a direct appeal, the judgment of conviction became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction was September 22, 1996, (90 days after judgment was entered),

and that is the date when the statute of limitations began to run in this case.[2] The limitation period for seeking federal habeas corpus relief expired one year later on September 22, 1997. Petitioner did not file his current petition, however, until November 28, 2000 -- more than four years after the statute of limitations began to run, and more than three years after the limitations period had expired.

The Court has not overlooked the tolling clause set forth in 28 U.S.C. § 2244(d)(2). That subsection of the statute provides that the running of the statute of limitations is tolled during the time when a "properly filed application for State post-conviction" relief is pending in the state courts. The tolling clause cannot save the instant petition, however, because the statute of limitations had already expired long before Petitioner filed his state post-conviction motion. The statute expired (as discussed above) on September 22, 1997, and Petitioner did not file his post-conviction motion until the middle of 1998.[3] A state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be

---

[2] There is nothing here to suggest (nor Petitioner does contend) that clauses (B), (C) or (D) of subsection 2244(d)(1) would have any applicability in this case. In other words, there is no suggestion that the state created any impediment that prevented Petitioner from pursuing his legal challenges sooner, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right or newly-discovered evidence.

[3] The present record does not disclose the exact date when Petitioner filed his post-conviction motion with the trial court. However, the subsequent decision by the State Court of Appeals indicates that the motion was not filed until "[m]ore than two years after sentencing." Nelson, 1999 WL 735869 at *2. Petitioner was sentenced on June 24, 1996, so his post-conviction motion must have been filed sometime after June 24, 1998. The record also discloses that a hearing in the post-conviction proceedings was held on August 25, 1998. (Pet.App., p. A1.) Thus, the motion presumably was filed sometime between June 24, 1998, and August 25, 1998. In any event, there certainly is no indication that the post-conviction motion was filed before the limitations period expired in September 1997.

tolled"), see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000), cert. denied, 2000 WL 343956 (U.S. Nov. 13, 2000).

The Court has also considered Petitioner's suggestion that the appeal following the denial of his post-conviction motion should be viewed as a "combined direct appeal and post-conviction appeal." (Petitioner's Memorandum, p. 1.) Petitioner seems to believe that his post-conviction appeal should be treated as a "direct review" of his conviction for purposes of § 2244(d)(1)(A), so that the statute of limitations would not begin to run until the post-conviction appeal was completed. If that is Petitioner's contention, it must be rejected.

The Court recognizes that ineffective assistance claims sometimes can properly be raised in state post-conviction motions, without first having been raised on direct appeal. See Russell v. State, 562 N.W.2d 670, 673-74 (Minn. 1997); Black v. State, 560 N.W.2d 83, 85, n. 1 (Minn. 1997). That undoubtedly happens with some regularity where, for example, a prisoner claims that he received ineffective assistance in connection with a guilty plea. See e.g., Lundin v. State, 430 N.W.2d 675 (Minn.App. 1988), rev. denied, Dec. 21, 1988. This does not mean, however, that an appeal taken from a ruling on a post-conviction motion should be viewed as a substitute for, or the functional equivalent of, a direct appeal. "Direct review" refers to an appeal that is taken directly from a judgment of conviction and sentence, not an appeal from a trial court ruling on a post-conviction motion filed well after a final judgment has been entered.

If the Court were to accept Petitioner's characterization of his post-conviction appeal, then the starting date for the § 2244(d)(1) limitations period would be delayed indefinitely whenever a prisoner failed to take a direct appeal. Years after being convicted,

a prisoner could file a post-conviction motion, and then appeal the trial court's denial of the motion. The prisoner could then argue (according to Petitioner) that the completion of his first appeal, (i.e., his post-conviction appeal), marked the completion of "direct review" for purposes of § 2244(d)(1)(A). Congress obviously intended to foreclose that argument by drafting the statute as it did. The deadline for seeking federal habeas review is one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Congress also provided that the statute of limitations should temporarily stop running while state post-conviction proceedings were pending, (§ 2244(d)(2)), but it did not provide that the one-year limitations period should first begin to run (or start to run afresh) upon the completion of post-conviction proceedings.

In this case, Petitioner never sought direct appellate review of his original judgment of conviction; he sought appellate review only as to the trial court's much later ruling on his post-conviction motion. Pursuant to § 2244(d)(1)(A), the statute of limitations began to run upon the expiration of the deadline for seeking direct review of Petitioner's conviction. His post-conviction motion could have tolled the statute if it had been filed within a year after the statute started running, but by the time Petitioner actually did file his post-conviction motion, the limitations period had already expired.

The facts on which Petitioner's ineffective assistance claim is based were known to him during, or immediately after, the original trial court proceedings in this case. (See Pet.App., p. A39.) Yet Petitioner waited more than two years before raising his ineffective assistance claim in a post-conviction motion. While Petitioner's delinquency did not deprive him of the opportunity to have his claim considered on the merits in the state

courts, it does deprive him of the right to federal habeas review.

Because it plainly appears on the face of the petition that Petitioner is not entitled to federal habeas corpus review, it is recommended that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that the petition be dismissed with prejudice.

**III. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: December 6, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before December 21, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.