UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bruce Robert Nelson,

Petitioner, Civil No. 00-2595 (RHK/JMM)

vs. **O R D E R**

Sheryl Ramstad Hvass,
Commissioner of Corrections,

Respondent.

---

Before the Court are the timely Objections of Petitioner Nelson to the December 6, 2000 Report and Recommendation of Magistrate Judge John M. Mason. Judge Mason has recommended the dismissal with prejudice of the Application for Habeas Corpus Relief under 28 U.S.C. § 2254. The required de novo review of the objected to portions of the Report and Recommendation has been conducted by the undersigned. That review satisfies the Court that Judge Mason's analysis of the timeliness of the Application is correct and that the Application must be dismissed.

The Court is satisfied, however, that jurists of reason would find it debatable whether the procedural decision rendered today is correct and whether the Petition itself states a valid claim of the denial of a constitutional right. Accordingly, the Court concludes that Petitioner is entitled to a Certificate of Appealability should he appeal this Court's ruling to the Eighth Circuit Court of Appeals.

FILED JAN 08 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JAN 08 2001
DEPUTY CLERK

Upon all the files, records and proceedings herein, **IS IS ORDERED**:

1. The Objections (Doc. No. 5) to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 3) is **ADOPTED**;

3. The Application for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED WITH PREJUDICE**; and

4. A Certificate of Appealability is **GRANTED** with respect to the issue of the timeliness of the Application.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 8, 2001

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: **JAN 08 2001**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995