UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bruce Robert Nelson,

Petitioner,

Civil No. 00-2595 (RHK/FLN)

vs.

**O R D E R**

Sheryl Ramstad Hvass,
Commissioner of Corrections,

Respondent.

---

Before the Court are Objections to the October 31, 2002, Report and Recommendation (R&R) of Magistrate Judge Franklin L. Noel in which Judge Noel has recommended the denial of the pending Application for Writ of Habeas Corpus. The undersigned has reviewed de novo the R&R and the Objections thereto.

Judge Noel, in a thorough and well reasoned opinion, has rejected Petitioner's claims that (1) his waiver of his constitutional right to a jury trial was invalid, and (2) he received ineffective assistance of counsel because he was misinformed by his attorney about the sentencing aspect of the "paper trial" agreement. This Court's de novo review of Judge Noel's decision satisfies the undersigned that Judge Noel's factual determinations are fully supported by the record and that his legal analysis and conclusions accurately reflect, and are fully supported by, applicable legal precedent.

FILED DEC 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 17 2002
DEPUTY CLERK

Accordingly, the Report and Recommendation will be adopted in its entirety.

Upon all the files, records, and proceedings herein, **IT IS ORDERED**:

1. The Objections (Doc. No. 23) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 22) is **ADOPTED**;

3. The Application for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

4. This action is **DISMISSED WITH PREJUDICE**; and

5. Petitioner's assumed request for a Certificate of Appealability is:

   (a) **DENIED** with respect to his claims that his waiver of his constitutional right to a jury trial was invalid; and

   (b) **GRANTED** with respect to his claim that he received ineffective assistance of counsel because he was misinformed by his attorney about the sentencing aspect of the "paper trial" agreement.

Dated: December 17, 2002

RICHARD H. KYLE
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995