00 cv 2595 RHK/FLN

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

RECEIVED
BY MAIL
JAN 03 2005
CLERK, US DIST. COURT
ST. PAUL, MN

**MEMORANDUM**

**TO:** All Counsel of Record

**FROM:** Michael E. Gans, Clerk of Court, USCA 8

**DATE:** December 29, 2004

Re: 3-1612MNST Bruce Robert Nelson vs. Sheryl Ramstad Hvass

On December 21, 2004 the Court issued an opinion in the referenced appeal. Please correct your opinion by substituting the enclosed opinion, which reflects the corrections below:

1) on page 1, in the last line on that page, the hyphen has been taken out of "first degree";

2) on page 2, in the first line, the hyphen has been taken out of "third degree"; in the 8th line, an em-dash has been inserted after "imprisonment"; in the 14th line, the words "proceed with" have been added after "his agreement to"; and in the first full paragraph, the 4th line, the words "proceed with" have been added at the end of that line;

3) on page 3, in the first paragraph under section II., in the second line, hyphens have been added to "ineffective-assistance-of-counsel"; and in footnote 2, a space has been deleted after the word "consider";

4) on page 4, in the first full paragraph, in the first line, "Mr." has been replaced with "Jerry" and in the second line, "Mr." has been replaced with "James"; in the last line of the first paragraph of the indented material, the single dash has been replaced with two dashes;

5) on page 5, in the last line of the indented material starting with "THE DEFENDANT" the single dash has been replaced with two dashes;

6) on page 6, in the 8th line, the word "the" has been deleted before "AEDPA"; in the 9th line, the comma has been deleted after "<u>see also</u>"; and the last sentence of that carryover paragraph and the cite to <u>Strickland</u> have been deleted; and

7) on page 7, in the second paragraph, in the fifth line, the word "the" has been deleted before "AEDPA."

SCANNED
JAN 04 2005
U.S. DISTRICT COURT ST. PAUL

(5129-010199)

cc: Honorable Richard H. Kyle
Richard Sletten

All Circuit Judges
St. Paul Clerk's Office
West Publishing
Missouri Lawyers Weekly

District Court/Agency Case Number(s): CIV 00-2595 RHK/FLN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-1612

---

| | | |
|---|---|---|
| Bruce Robert Nelson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Sheryl Ramstad Hvass, | * | |
| | * | |
| Appellee. | * | |

---

Submitted: October 18, 2004
Filed: December 21, 2004 (corrected 12/29/04)

---

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

---

BOWMAN, Circuit Judge.

Bruce Robert Nelson appeals the District Court's denial of his petition for habeas relief under 28 U.S.C. § 2254 (2000). Because the Minnesota courts did not unreasonably apply clearly established federal law in denying Nelson's claim that his counsel was ineffective, we affirm.

## I.

Nelson was charged in Minnesota state court with conspiracy to commit a controlled-substance crime in the first degree and with a controlled-substance crime

in the third degree in violation of Minnesota law. Minn. Stat. §§ 152.021(1)(2), 152.023(1)(1), & 152.096(1) (1994). In exchange for dismissal of the first-degree conspiracy charge, Nelson waived his right to a jury trial and instead chose to proceed with a trial on stipulated facts on the third-degree controlled substance charge. The trial court found Nelson guilty. At sentencing, the prosecutor moved for an upward departure from the presumptive sentence under the Minnesota Sentencing Guidelines. The trial court granted the motion and imposed a sentence of 140 months' imprisonment—twice the length of the presumptive sentence range of 60- to 70-months' imprisonment applicable under the Minnesota Guidelines. Nelson filed a motion for a new trial, claiming that, as part of the agreement to proceed with a non-jury trial, the prosecutor had agreed to a presumptive guidelines sentence and had violated this agreement by seeking an upward departure. The trial court denied Nelson's motion, finding specifically that Nelson was advised on the record that (1) his agreement to proceed with a non-jury trial would not guarantee a presumptive sentence under the guidelines and (2) the prosecutor was free to seek an upward departure. Nelson's conviction and sentence were affirmed on direct appeal.

On post-conviction motion, Nelson claimed that he was denied effective assistance of counsel and that he did not knowingly and intelligently waive his right to a jury trial. Both claims were based on Nelson's allegation that his attorney misadvised him on the potential sentence he faced under the agreement to proceed with a non-jury trial. The trial court denied Nelson's post-conviction motion, noting that both Nelson and his attorney were present when the terms of the jury-waiver agreement were discussed. The trial court also found that even if Nelson's attorney misstated the terms of the agreement, Nelson could not succeed on his ineffective-assistance-of-counsel claim because he did not show that his attorney's misstatements resulted in prejudice.

On appeal, the Minnesota Court of Appeals determined that Nelson's attorney had acted incompetently, but agreed with the trial court that Nelson failed to show he

was prejudiced by his attorney's incompetence. Nelson's conviction and sentence were affirmed. The Minnesota Supreme Court denied Nelson's request for further review.

Nelson then filed a 28 U.S.C. § 2254 habeas petition, claiming that his jury trial waiver was invalid and that he received ineffective assistance of counsel. The District Court[1] denied the petition for habeas relief, finding that (1) Nelson's jury trial waiver was knowing and intelligent because he understood that his sentence could be increased even if he agreed to waive a jury trial and (2) Nelson did not establish that he was prejudiced by any shortcomings in his legal representation. Nelson appealed, and the District Court granted a certificate of appealability on Nelson's claim that he received ineffective assistance of counsel because his attorney misinformed him about the sentencing provisions of the agreement to proceed without a jury. We affirm.

**II.**

The only issue before us is whether the District Court erred in denying habeas relief on Nelson's ineffective-assistance-of-counsel claim.[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief if an underlying state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on "an unreasonable determination of the facts in light of the evidence presented in the State

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

[2]As this is the only claim on which Nelson was granted a certificate of appealability, it is the only claim we consider—despite Nelson's attempt to raise other issues in this appeal.

court proceeding." 28 U.S.C. § 2254(d). Federal courts are "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions" in habeas cases. Jones v. Luebbers, 359 F.3d 1005, 1011 (8th Cir.), cert. denied, No. 04-6756, 2004 WL 2330707 (Dec. 6, 2004). Even if we disagree with a state court's analysis, we may grant habeas relief only if the state court's resolution of the claim "cannot reasonably be justified under existing Supreme Court precedent." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001) (internal quotations and citations omitted).

On the day of Nelson's trial, his attorney, Jerry Strauss, requested a recess to discuss an offer made by the prosecutor, James Spencer, to drop one of the charges against Nelson in return for a trial on stipulated facts. The trial judge held a conference in his chambers to discuss the offer, during which the following conversation occurred:

> MR. STRAUSS: Judge, my client and I have discussed with my client [sic] the possibility of a Court trial on a stipulated set of facts on the third degree charge only, and I have discussed that at length this morning with my client, and up until about the selection of the third prospective juror to be seated in the panel, he wasn't sure what he wanted to do. He has just advised me that he wants to proceed that way. I told him that it would be a guideline sentence only. There are no deals on sentencing under the guidelines. He can bring a motion --
>
> MR. SPENCER: That is incorrect. The deal is there is no deal on sentencing.
>
> MR. STRAUSS: That's what I said.
>
> THE COURT: You are talking about the possible aggravation?
>
> MR. SPENCER: We will be free to seek for an aggravation if we are free to do so [sic].

MR. STRAUSS: Yeah, and we are free to seek for a departure.

MR. SPENCER: Okay.

MR. STRAUSS: My client tells me that that's the way he wishes to proceed on the third degree.

Tr. at 18-19. After the parties discussed certain evidentiary matters and the trial judge again advised Nelson that he would be waiving his right to a jury trial, the following exchange occurred:

THE DEFENDANT: I understand that part of it. Then on the sentencing that is --

MR. STRAUSS: You might not have a sentencing.

THE COURT: That's up for grabs in the event that you are found guilty.

MR. STRAUSS: We can bring a departure motion. The government can bring an increase motion, a motion to depart upward. I can bring a departure motion to go downward.

Id. at 24. Nelson now claims that, despite this on-the-record exchange, he elected to proceed with a non-jury trial because his attorney assured him in off-the-record discussions that his sentence would, in fact, be limited to the presumptive guidelines range. Nelson contends that he would not have waived his right to a jury trial had he known that such a waiver did not guarantee him a presumptive guidelines sentence. These facts, according to Nelson, establish that he received ineffective assistance of counsel. We disagree.

In order to succeed on his ineffective-assistance-of-counsel claim, Nelson must show not only that his counsel's performance was deficient, but that he was prejudiced by his counsel's incompetence. Strickland v. Washington, 466 U.S. 668

(1984). In order to show prejudice, Nelson must show that there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. Id. at 694; Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (two-part Strickland test applies to ineffective-assistance claims arising out of the plea process). The Minnesota state courts correctly identified the two-part Strickland test as the law applicable to Nelson's ineffective-assistance-of-counsel claim. Because the Minnesota state courts applied the proper legal standard, the only issue we must resolve under AEDPA is whether the application of that standard to Nelson's claim was unreasonable. See 28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362, 417 (2000) (Rehnquist, C.J., concurring in part and dissenting in part) ("Generally, in an ineffective-assistance-of-counsel case where the state court applies Strickland, federal habeas courts can proceed directly to 'unreasonable application' review.").

In this case, the state courts made a specific factual determination that Nelson was present when the attorneys and the trial judge discussed the details of the non-jury-trial agreement and that Nelson understood the details of that agreement. The prosecutor stated specifically that "there is no deal on sentencing" and that "[w]e will be free to seek for an aggravation." Tr. at 19. Nelson's attorney further explained that, while he could move for a downward departure, "The government can bring an increase motion, a motion to depart upward." Id. at 24. The trial judge also explained to Nelson that his sentence was "up for grabs in the event that you are found guilty." Id. Nelson thus was fully informed that his sentencing exposure was not limited by the non-jury-trial agreement. Contradictory information that Nelson may have received from his attorney off the record does not invalidate this fact. The state courts found that, because Nelson was informed and understood that his sentence could exceed the presumptive guidelines range, Nelson did not base his decision to waive a jury trial on his attorney's misstatements. We cannot conclude that this finding was an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(2).

Moreover, even if we assume that Nelson did not understand the sentencing provisions of the jury-waiver agreement and was misled by his attorney's misstatements, Nelson has not established that he would have insisted on a jury trial in any event. The state courts noted that Nelson's agreement to a trial on stipulated facts secured the dismissal of a first-degree conspiracy charge and protected him from a presumptive sentence that was more than double the sentence he faced on the third-degree controlled substance charge. This was a real benefit to Nelson that provided ample incentive for him to waive a jury trial. See, e.g., Roberson v. United States, 901 F.2d 1475, 1478-79 (8th Cir. 1990) (holding that even if defense counsel's alleged misstatements about sentencing amounted to inadequate representation, defendant failed to show that he was prejudiced given that government dismissed remaining counts in exchange for defendant's guilty plea).

Based on these findings, the Minnesota courts determined that, while Nelson's legal representation was deficient, there was not a reasonable probability that the outcome of the proceeding would have been different but for Nelson's inadequate legal representation. Reviewing this determination under the limited and deferential standard required by AEDPA, we hold that the Minnesota state courts reasonably concluded that Nelson was not prejudiced by his attorney's incompetence. See 28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at 417.

III.

For the reasons indicated, we affirm the judgment of the District Court denying Nelson's petition for habeas relief.

---